IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA
(DUBUQUE)

| | |
|---|---|
| In re<br><br>RODNEY L. HETTINGER and<br>KIMBERLY K. HETTINGER,<br><br>　　　Debtors. | Case No. 19-01165<br><br>Chapter 7<br><br>Hon. Thad J. Collins |
| SOUTH CENTRAL STATE BANK,<br><br>　　　Plaintiff,<br>v.<br><br>RODNEY L. HETTINGER and<br>KIMBERLY K. HETTINGER,<br><br>　　　Defendants. | **Adversary No.**<br><br>**COMPLAINT TO DETERMINE<br>THE NONDISCHARGEABLITY<br>OF DEBT** |

COMES NOW South Central State Bank and for its Complaint states as follows:

**PARTIES**

1.　　South Central State Bank ("**Bank**") is a state bank organized under the laws of state of Nebraska with its principal place of business located in Campbell, Nebraska, and is a creditor in the above-captioned bankruptcy case.

2.　　Defendants Rodney L. Hettinger ("**R. Hettinger**") and Kimberly K. Hettinger ("**K. Hettinger**") (together, "**Defendants**" or "**Hettingers**"), were and are, at all material times, individual residents of Clayton County, Iowa, and are the debtors in the above-captioned bankruptcy case.

**JURISDICTION AND VENUE**

3.　　This adversary proceeding relates to the case of *In re Rodney L. Hettinger and*

*Kimberly K. Hettinger*, Case No. 19-01165, which is a matter before this United States Bankruptcy Court for the Northern District of Iowa, filed on August 26, 2018, under Chapter 12 of U.S. Bankruptcy Code, and subsequently converted to a case under Chapter 7 on July 31, 2020.

4. This adversary proceeding is brought pursuant to 11 U.S.C. § 523 and Rule 7001 of the Federal Rules of Bankruptcy to recover money or property.

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b).

6. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A),(H)-(J).

7. Venue is proper pursuant to 28 U.S.C. § 1409(a).

## GENERAL ALLEGATIONS

8. On or about January 21, 2014, R. Hettinger made, executed, and delivered to the Plaintiff, a Promissory Note and Security Agreement in the original principal amount of $38,750.00 ("**Note 127**"). A true and correct copy of Note 127 is attached and marked as Exhibit "A."

9. On or about December 30, 2015, R. Hettinger made, executed, and delivered to the Plaintiff, a Promissory Note and Security Agreement in the original principal amount of $56,063.66 ("**Note 129**"). A true and correct copy of Note 129 is attached and marked as Exhibit "B."

10. On or about April 25, 2016, R. Hettinger made, executed, and delivered to the Plaintiff, a Promissory Note and Security Agreement in the original principal amount of $27,000.00 ("**Note 777**"). A true and correct copy of Note 777 is attached and marked as Exhibit "C."

11. Note 129 is in default because of the failure to make the payments due on December 1, 2018. As a result of R. Hettinger's default on Note 129 and the Notes' cross-default provisions, Notes 127, and 777 are also in default.

12. The Defendants filed a Chapter 12 bankruptcy with the United States Bankruptcy Court for the Northern District of Iowa on August 26, 2019, Case No. 19-01165. On September 24, 2020, the Bank filed its claim in the amount of $193,561.67.

13. The Defendants' bankruptcy case was subsequently converted to a case under Chapter 7 of the U.S. Bankruptcy Code on July 31, 2020.

14. As security for the Notes, R. Hettinger granted to the Plaintiff a security interest in certain property, which includes:

   a. 2008 JLG SkyTrak 10042 Forklift serial no. 0160035468 ("Forklift"");

   b. 2015 Case SV300 Skid Steer serial no. NEM482230 ("Skid Steer""); and,

   c. 2009 John Deere 110 Loader Tractor serial no. LV0110T7103716 ("Loader Tractor").

(together, the "**Collateral**"), all as more particularly described in the Notes, true and correct copies of which are attached and marked as Exhibit A through C.

15. The security interest granted to the Plaintiff in the Collateral was perfected by filing UCC financing statements with the Iowa Secretary of State. True and accurate copies of the financing statements are attached and marked as Group Exhibit D.

16. On October 4, 2020, at the Meeting of Creditors, held telephonically ("**341 Meeting**"), R. Hettinger testified under oath, in relevant part, regarding the Collateral as follows:

   a. Forklift: R. Hettinger believes he sold the equipment in 2016 for approximately $40,000, and further testified that he no longer holds the sale proceeds. R. Hettinger could not remember the identity of the buyer. *See* Hettinger Aug. 31, 2020, 341 Tr.

38:16-39:12 (Exhibit E).

  b. Skid Steer: R. Hettinger testified this equipment was lost in a fire, and the he received insurance proceeds in the amount of $42,000. He further testified that he no longer holds the insurance proceeds. *See* Hettinger Aug. 31, 2020, 341 Tr. 39:13-40:7 (Exhibit E).

  c. Loader Tractor: R. Hettinger testified Debtor testified that he sold this piece of equipment. He did not remember the date of sale, the identity of the buyer, or the amount of the purchase price. *See* Hettinger Aug. 31, 2020, 341 Tr. 40:8-40:20 (Exhibit E).

As indicated, a copy of the relevant transcript portions cited above are attached hereto as Exhibit E.

17. The Defendants obtained sale and insurance proceeds from the liquidation of the Collateral in the amount of at least $82,000.00 without accounting for the value of the Loader Tractor. The estimated value of the Loader Tractor is $20,000.00.

18. Under the terms of the Notes and Security Agreements, R Hettinger agreed that his rights in the Collateral was restricted in several respects, including but not limited to that he could not, without the Bank's prior written consent, sell the Collateral, or in the instance of the destruction of the Collateral, keep the insurance proceeds. Instead, R Hettinger was to name the Bank as a loss payee on any insurance policy, give immediate notice of any loss, and granted the Bank permission to apply proceeds toward the R Hettinger's secured loan obligations. See, e.g., Note 129 ¶ 18 (Ex. B., p. 6).

19. R Hettinger sold the Forklift and Loader Tractor, and the Defendants kept the proceeds, all in violation of the Bank's rights under the Notes and Security Agreements.

20. The Defendants kept the insurance proceeds for the Skid Steer also in violation of the Bank's rights under the Notes and Security Agreements.

## COUNT I
### Section 523(a)(6) Exception to Discharge

21. The allegations set forth in paragraphs 1 through 20, above, are incorporated by reference here.

22. The Defendants converted the Bank's collateral without the Bank's knowledge or consent, and did so intentionally, with utter disregard, and without justification or excuse, to the Bank's injury in the amount of least $102,000.00, if not more.

**WHEREFORE**, South Central State Bank ("**Bank**") requests the Court determine, under 11 U.S.C. § 523(a)(6), that in the accompanying Bankruptcy matter, Case No. 19-01165, the Bank is hereby allowed a debt against the Defendants, Rodney L. Hettinger and Kimberly K. Hettinger, in the amount of $102,000.00, or as determined through trial in this matter, that is non-dischargeable; that the Court instruct the Clerk to enter a certificate of Judgment in that amount; that the Court, to the extent appropriate and allowable under law, award the Bank the costs of this action and, for such further relief the Court finds necessary and proper under the circumstances.

Dated: October 23, 2020

**s/ Johannes (John) H. Moorlach**
Iowa Bar No. 19215
G. Mark Rice
WHITFIELD & EDDY LAW
699 Walnut Street, Suite 2000
Des Moines, Iowa 50309
Telephone: (515) 288-6041
moorlach@whitfieldlaw.com
rice@whitfieldlaw.com

ATTORNEYS FOR SOUTH CENTRAL STATE BANK