# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| RODNEY L. HETTINGER and ) | |
| KIMBERLY K. HETTINGER, ) | |
| ) | Bankruptcy No. 19-01165 |
| Debtors. ) | |
| ) | |
| _____) | |
| SOUTH CENTRAL STATE BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 20-09052 |
| ) | |
| RODNEY L. HETTINGER and ) | |
| KIMBERLY K. HETTINGER, ) | |
| ) | |
| Defendants. ) | |

## RULING ON MOTION TO DISMISS

This matter came before the Court by telephonic hearing on January 8, 2021. (ECF Doc. 11). Francis Wm. Henkels appeared for defendants Rodney L. Hettinger and Kimberly K. Hettinger ("Defendants"). Johannes H. Moorlach appeared for plaintiff South Central State Bank ("Plaintiff"). All papers have been submitted and the case is ready for decision. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## STATEMENT OF THE CASE

Defendants filed for Chapter 12 relief on August 26, 2019. (Bankr. No. 19-01165, ECF Doc. 1).  The bar date for objecting to discharge was December 2, 2019. (Bankr. No. 19-01165, ECF Doc. 6).  On July 31, 2020, the case was converted to Chapter 7.  (Bankr. No. 19-01165, ECF Doc. 111).  Upon entry of the conversion order, a new bar date for objection to discharge under sections 523 and 727 was set for October 30, 2020. (Bankr. No. 19-01165, ECF Doc. 112).

On October 26, 2020, Plaintiff filed this adversary objecting to Defendant's discharge under section 523(a)(6). (ECF Doc. 1).  Defendants filed the instant Motion to Dismiss on December 3, 2020. (ECF Doc. 8).  As grounds for dismissal, Defendants argue that the pre-conversion bar date of December 2, 2019 governs this action and therefore Plaintiff's Complaint is untimely. Id.  Plaintiff filed its resistance on December 17, 2020, arguing that, upon conversion, Rule 1019 of the Federal Rules of Bankruptcy Procedure provides creditors with a new bar date for objecting to discharge. (ECF Doc. 13).

## DISCUSSION

The question presented today—whether a debtor's conversion of a Chapter 12 case to one under Chapter 7 results in the establishment of a new deadline for filing objections to discharge—is one of first impression in this circuit.  The question has however been answered in the affirmative in the context of Chapter 11 proceedings. See F&M Marquette Nat. Bank v. Richards, 780 F.2d 24, 25 (8th Cir.

2

1985).  In that case, the Eighth Circuit Court of Appeals ("Eighth Circuit") reasoned that under Rule 4007(c) of the Federal Rules of Bankruptcy Procedure, "the time for filing a complaint to determine the dischargeability of a debt is keyed to the first date set for the meeting of creditors" and that "because the meeting of creditors that is required upon a conversion from chapter 11 to chapter 7 is unrelated to the meeting held in the previous chapter 11 proceeding, creditors receive a fresh sixty day period for filing their [dischargeability] complaints." <u>Id</u>. <u>See also</u> Fed. R. Bankr. P. 4007(c).

This Court sees no reason why the Eighth Circuit's analysis should be confined to the context of a conversion from Chapter 11 to Chapter 7.  To be sure, Rule 1019 of the Federal Rules of Bankruptcy Procedure provides, in relevant part:

> When a chapter 11, chapter 12, or chapter 13 case has been converted or reconverted to a chapter 7 case:
>
> >  (2) *New filing periods*
> >
> > > (A) **A new time period** for filing a…complaint objecting to discharge, or a complaint to obtain a determination of dischargeability of any debt **shall commence under Rules 1017, 3002 4004, or 4007**…

Fed. R. Bankr. P. 1019(2)(A) (emphasis added).  "The filing date of the notice becomes the date of the conversion order for the purposes of applying § 348(c) and Rule 1019."  Fed. R. Bankr. P. 1017(f)(3).  Under Rule 4007(c), a complaint to determine the dischargeability of a debt under § 523(c) shall

3

be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). Fed. R. Bankr. P. 4007(c).

Because the time for filing a complaint to determine the dischargeability of a debt is fixed to the first date set for the meeting of creditors, and because the meeting of creditors in a Chapter 7 is necessarily unrelated to the prior Chapter 12 meeting, creditors seeking to file a complaint to determine the dischargeability of a debt receive a fresh sixty day period for filing their dischargeability complaints. See Richards, 780 F.2d at 25; see also Fed. R. Bankr. P. 4007(c).

Defendants converted the case from Chapter 12 to Chapter 7 on July 31, 2020. The meeting of creditors in the new Chapter 7 case was set for August 31, 2020. As a result, the new bar date for creditors to oppose discharge was set for October 30, 2020. As Plaintiff filed its Complaint on October 26, 2020, Plaintiff filed within the time allotted for creditors to oppose discharge and therefore Defendants' Motion to Dismiss is denied.

## CONCLUSION

**WHEREFORE**, Defendants' Motion to Dismiss is **DENIED**.

Dated and Entered: February 1, 2021

_____
THAD J. COLLINS,
CHIEF BANKRUPTCY JUDGE

4